IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 622-036 |
| ) | |
| TIMOTHY WARD, et al., ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Waseem Daker, currently incarcerated at Smith State Prison in Glennville, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and has paid the $402.00 filing fee. However, notwithstanding any filing fee, the complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    Background**

Daker is a serial filer well-known in Georgia for "clogg[ing] the federal courts with frivolous litigation" for over twenty years. Daker v. Comm'r, Georgia Dep't of Corr., 820 F.3d 1278, 1281 (11th Cir. 2016). Daker "has submitted over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts." Id. In order to curb Daker's abuse of the judicial system, U.S. District Judge William M. Ray, II, of the Northern

District of Georgia issued a permanent injunction on August 4, 2020, imposing permanent filing restrictions on Daker in that district.  Daker v. Deal, No. 1:18-CV-5243-WMR, 2020 U.S. Dist. LEXIS 182390 (N.D. Ga. Aug. 4, 2020) (hereinafter "CV 118-5243").  Daker appealed, and the Eleventh Circuit Court of Appeals affirmed the injunction on April 13, 2022. Daker v. Governor of Georgia, No. 20-13602, 2022 WL 1102015, at *2 (11th Cir. Apr. 13, 2022).

On July 19, 2022, the undersigned ordered Daker to show cause within thirty days why the filing restrictions imposed upon Daker in the Northern District of Georgia by CV 118-5243 should not also be imposed in the Southern District of Georgia, and enforced in the present case, and all other cases, Daker files in this District.  (Doc. no. 2, pp. 3-4.)  The Court also ordered Daker to submit an amended complaint within the same thirty days that lists every lawsuit, habeas corpus petition, and appeal that he has ever filed in any federal court along with the final disposition of each lawsuit, petition, or appeal, in accordance with the permanent injunction in CV 118-5243.  The Court later granted Daker an extension until September 21, 2022, to comply with the July 19th Order.  (Doc. no. 4.)

II. **Daker's Response to the July 19th Show Cause Order**

Daker did not file an amended complaint in accordance with the Court's July 19th Order.  Instead, Daker filed an objection to the Order making four arguments. First, Daker contests the Court's comparison of the present case to Daker v. Owens, No. 6:14-CV-47 (S.D. Ga. May 19, 2014) (hereinafter CV 614-047); (Doc. no. 5, pp. 1-8.)  The Court briefly referenced CV 614-047 in background to show how other Judges in this district have responded to Plaintiff's abuse of the judicial system in similar circumstances.  The Court did

not hold any of Daker's claims here are barred or impacted by CV 614-047, and Daker's arguments have no bearing on this Report and Recommendation.

Second, Daker disagrees with the Court's statement that much of his litigation in the Southern District has been previously found to be duplicative, frivolous, and abusive. (Doc. no. 5, pp. 8-11.) In reality, the Court stated, "[T]his Court will not stand by as Plaintiff continues to overwhelm *the judicial system*, in particular the Southern District of Georgia, with litigation, much of which has previously been found to be duplicitous, frivolous, and abusive." (Doc. no. 2, p. 3 (emphasis added).) That characterization of Daker's nationwide, twenty-year filing history is not solely the undersigned's, and the Court is unmoved by Daker's opinion to the contrary. See, e.g., Daker v. Ward, 999 F.3d 1300, 1310 & n.9 (11th Cir. 2021), (affirming dismissal of one of Daker's many complaints as duplicative and malicious, and noting prior similar holdings), *cert. denied*, 142 S. Ct. 2716 (2022); see also Daker v. Deal, 2020 U.S. Dist. LEXIS 182390 at *5 (collecting cases on Daker's "extensive, abusive, and vexatious litigation history").

Third, Daker argues the Court's July 19th Order conflicts with the Chief District Judge J. Randall Hall's December 6, 2017 Order adopting a report and recommendation in Daker v. Allen, CV 617-079, 2017 U.S. Dist. LEXIS 201225, at *13 (S.D. Ga. Dec. 6, 2017) (hereinafter CV 617-079). (Doc. no. 5., pp. 11-13.) In CV 617-079, former Magistrate Judge R. Stan Baker ordered Daker to file an amended complaint, but not to attach more than ten pages to the standard complaint form. Allen, 2017 U.S. Dist. LEXIS 201225, at *4-7. Plaintiff failed to file an amended complaint, Judge Baker recommended dismissal, and Daker objected to the ten-page limit. Id. at *2-13. As a section of the standard complaint form asks plaintiffs to list all their prior lawsuits, Judge Hall noted Daker could have complied with the page limitation

3

by stating he had too many previous lawsuits to name and direct the Court to look at dockets from this District and others for the information.  Id. at *13.  Judge Hall has not given Daker permission to do the same in this case; rather, the Court expressly ordered Daker to list all of his prior lawsuits, petitions, and appeals, without imposing a page limit like in CV 617-079.

Fourth and finally, Daker argues requiring him to submit a list of every lawsuit, habeas corpus petition, and appeal he has ever filed in federal court is an unreasonable and impossible burden.  (Doc. no. 5., pp. 13-17.)  His objection fails as the Eleventh Circuit upheld that exact requirement in Daker v. Governor of Georgia, 2022 WL 1102015, at *1-2.

### III.  Filing Restrictions Should Be Imposed

The Court incorporates into this Report and Recommendation Judge Ray's findings CV 118-5243 and finds Daker's vexatious filings have improperly burdened this Court and the entire judicial system.  Daker v. Deal, 2020 U.S. Dist. LEXIS 182390 at *2-9.  Therefore, the Court **REPORTS** and **RECOMMENDS** the same filing restrictions imposed upon Daker in the Northern District of Georgia be imposed in the Southern District of Georgia, and enforced in the present case and all future cases Daker files in this District.  The Court recommends the following filing restrictions:

Daker is henceforth **PERMANENTLY ENJOINED** from filing or attempting to file any new lawsuit or petition in this Court without first posting a $1,500.00 contempt bond in addition to paying the required filing fee.  Daker is hereby **ON NOTICE** that he must refrain from filing frivolous or duplicative pleadings or motions in this Court, and his failure to so refrain may result in the imposition of sanctions.  If any of Daker's future filings is deemed frivolous or duplicative, the presiding judge may, after notice to Daker and an opportunity to respond, impose a contempt sanction against Daker to be paid from the contempt bond.  In the

event of such a sanction, Daker will not be allowed to file any further lawsuits or petitions unless and until the contempt bond is replenished to the amount of $1,500.00.

If Daker is unable to afford the $1,500.00 contempt bond, he may move for modification of the contempt bond requirement. In order to do so, he must file the motion along with any future complaint. In that motion, Daker must set forth a comprehensive accounting of his assets and affirm that the accounting is true under penalty of perjury by including the following language above his signature.

> I, Waseem Daker hereby declare, swear and affirm that the foregoing information is true and correct. I understand that, pursuant to 18 U.S.C. § 1623, "[w]hoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both." I further understand that by making any false statement in this motion, I will be subject to prosecution under 18 U.S.C. § 1623. I further acknowledge that the United States District Court for the Northern District of Georgia will, if it suspects that I have provided false information in this motion, turn this motion over to the appropriate federal authorities for the purpose of investigating whether I should be prosecuted in federal court for perjury under 18 U.S.C. § 1623. I further acknowledge that if I am convicted in federal court for a violation of § 1623, I face an enhanced sentence because I will have committed my crime while serving a sentence for a violation of law, and the federal sentencing guidelines, as a general matter, call for a longer sentence for those who have committed their crimes while serving a sentence of incarceration, probation or parole.

This Court will consider and rule on any motion for modification of the contempt bond requirement before it considers the merits of Daker's claims or any other motions, applications, or petitions. If the motion for modification is denied, the case will be summarily dismissed and any attached motions summarily denied.

In addition, Daker **MUST INCLUDE** with every lawsuit or petition he files *in this or any other federal court* (1) a copy of this order, and (2) a list of each and every lawsuit, habeas corpus petition, and appeal that he has filed in any federal court along with the final disposition of each lawsuit, petition or appeal.  Any complaint or petition that Daker submits in this Court without posting the contempt bond (or a compliant motion as described above), without a copy of this order, or without a list of his prior actions in federal court will be summarily dismissed.

If Daker posts a $1,500 contempt bond in connection with a case that he files, the Clerk of this Court will hold the funds (or whatever is left of those funds if sanctions have been imposed) to apply to future cases that Daker files.  If Daker does not file any cases in this Court for a one-year period, the Clerk will return the contempt bond funds to Daker.  However, the requirement that Daker file a $1,500 contempt bond in connection with any cases he files in this Court will remain in effect until further order of this Court regardless of whether any funds have been returned to him.

### IV.   This Action Should Be Dismissed

After the imposition of filing restrictions against Daker, the Court recommends this present action be dismissed for failure to comply with the Court's July 19th Order to submit an amended complaint and Judge Ray's injunction order to include (1) a copy of that injunction and (2) his entire litigation history with every lawsuit he files in any federal court.  Daker v. Deal, 2020 U.S. Dist. LEXIS 182390 at *21.  A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir.

6

2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Daker did not file an amended complaint as ordered by this Court. The Court explicitly cautioned Daker in the July 19th Order: "Should Plaintiff fail to amend his complaint or fail to fully and accurately list his litigation history, the Court will recommend dismissal regardless of whether an injunction is issued in the Southern District." (Doc. no. 2, p. 4.) As discussed in § II *supra*, his reasons for failing to amend his complaint are unavailing. Daker's initial complaint was also noncompliant and in defiance of Judge Ray's injunction order, as it did not list Daker's complete litigation history as required or contain a copy of Judge Ray's injunction order. See Daker v. Governor of Georgia, 2022 WL 1102015, at *2 (holding Judge Ray's order to report litigation history is binding on Daker nationwide). Because Daker is already subject to a $1,500.00 contempt bond in the Northern District, and this Court is recommending the same bond requirement in this District, the Court finds that the imposition of monetary sanctions would be redundant and infeasible. Dismissal without prejudice is

appropriate. However, Petitioner will be subject to the above filing restrictions, if adopted, and the existing disclosure requirements if he chooses to file any future lawsuit dealing with the facts of this case.

## V.     Conclusion

In summary, the Court **REPORTS** and **RECOMMENDS** Daker be **PERMANENTLY ENJOINED** from filing or attempting to file any new lawsuit or petition in this Court without first posting a $1,500.00 contempt bond, as described in § III, Daker be required to **INCLUDE** with every lawsuit or petition he files the information described in § III, this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 6th day of October, 2022, at Augusta, Georgia.

 

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA