IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 622-036 |
| ) | |
| TIMOTHY WARD, Commissioner, ) | |
| in his individual and official capacities; et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

After a careful, *de novo* review, the Court **ADOPTS IN PART** the Magistrate Judge's October 6, 2022 Report and Recommendation, to which objections have been filed. (Doc. no. 17). The Court **PERMANENTLY ENJOINS** Daker in the manner described *infra* but declines the recommendation to dismiss and close the case at this juncture.

I.   BACKGROUND

Waseem Daker is a serial filer who has "clogged the federal courts with frivolous litigation" for decades. Daker v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1281 (11th Cir. 2016); Daker v. Robinson, 802 F. App'x 513, 514 (11th Cir. 2020). On August 4, 2020, the Northern District of Georgia issued a permanent injunction imposing filing restrictions in Daker v. Deal, No. 1:18-CV-5243-WMR, doc. no. 57, 2020 U.S. Dist. LEXIS 182390 (N.D. Ga. Aug. 4, 2020). The Eleventh Circuit affirmed in Daker v. Governor of Georgia, No. 20-13602, 2022 WL 1102015, at *1 (11th Cir. Apr. 13, 2022). In this civil action, on July 18,

2022, the Magistrate Judge ordered Daker to (1) show cause why these restrictions should not be imposed in this District; and (2) comply with the Northern District injunction and submit in this civil action an amended complaint including a list of every federal civil action he has filed along with the final disposition. (Doc. no. 2.) The Magistrate Judge imposed a deadline of July 19, 2022, later extended to September 21, 2022. (Doc. no. 4.)

Daker objected and failed to file an amended complaint. (Doc. no. 5.) On October 6, 2022, the Magistrate Judge recommended imposition of the filing restrictions and dismissal of this civil action for failure to submit an amended complaint. (Doc. no. 6.) Eleven days later, on October 17, 2022, the Court received five filings signed and dated by Daker on September 21, 2022, the extended deadline, including an amended complaint listing 300 cases.[1] (Doc. nos. 8-12.)

## II. FINDINGS OF FACT

In his Order imposing sanctions, United States District Judge William M. Ray, II made the following findings regarding Daker:

> Daker has filed well in excess of two hundred federal civil actions and appeals since 1999. Many of these lawsuits and appeals have been dismissed as frivolous, and Daker has now repeatedly been denied leave to proceed *in forma pauperis* under the "three strikes" provision of the Prison Litigation Reform Act because of his frivolous filings. 28 U.S.C. § 1915(g); see, e.g., Daker v. Dozier, 5:17-CV-0025-CAR, 2017 WL 3037420 at *1 (M.D. Ga. July 18, 2017); Daker v. Bryson, 6:16-CV-57, 2017 WL 1053082 at *6 (S.D. Ga. Mar. 20, 2017); Daker v. Head, 6:14-cv-47 (S.D. Ga. Sept. 8, 2014). Notably, the Eleventh

---

[1] All five filings are postmarked October 14, 2022, eight days after the Court recommended dismissal for noncompliance and twenty-two days after the alleged signature date. Daker blames prison officials for the twenty-two-day delay in mailing. (See doc. no. 16, pp. 15-16.) The Court is skeptical. See Daker v. Ward, No. 5:19-CV-126 (MTT), 2021 WL 2143338, at *1 (M.D. Ga. May 26, 2021) (finding Daker not entitled to mailbox rule), *aff'd in part, vacated in part, and remanded on other grounds*, No. 21-13660, 2022 WL 17076984 (11th Cir. Nov. 18, 2022). The Court defers the timing issue and focuses on the propriety of the recommended district-wide filing restrictions.

Circuit now recognizes that Daker is a three-striker. Daker v. Jackson, 942 F.3d 1252 (11th Cir. 2019); see also Daker v. Bryson, 784 F. App'x 690 (11th Cir. 2019).

Daker's inability to obtain *in forma pauperis* [("IFP")] status has not stopped him, however, as he paid the full filing fee in this case. This strongly indicates that his prior assertions of poverty were untrue—yet another reason that a sanction is appropriate—and that Daker's loss of the ability to proceed without paying the filing fee will not necessarily relieve the burden that his frivolous filings have placed on this and other federal courts. Moreover, in cases where Daker has been denied leave to proceed *in forma pauperis* under the three strikes provision, he has repeatedly and frivolously asserted that his claims qualify under the "imminent danger" exception to § 1915(g), and when that fails, he appeals. E.g., Daker v. Bryson, 784 F. App'x 690, 693 (11th Cir. 2019) (affirming district court's determination that forced shavings with unsanitized clippers and denial of nutritionally adequate food did not qualify as imminent danger); Daker v. United States, 787 F. App'x 678, 681, 2019 WL 5546090 (11th Cir. 2019) (affirming district court's determination that exposure to fecal matter, inadequate dental care, denial of outdoor exercise, and unsanitary clippers did not qualify as imminent danger). Put simply, it is evident that Daker's status as a three striker has not had the intended effect of limiting his ability to clog the Court's docket.

. . . .

This Court and others have repeatedly documented and lamented Daker's extensive, abusive and vexatious litigation history. E.g., Daker v. Toole, 736 F. App'x 234, 235-36 (11th Cir. 2018) (noting that Plaintiff has been "wreaking havoc wherever he goes" by "flood[ing]" the court "with numerous disputes"); Daker v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1281 (11th Cir. 2016) (Daker is a "serial litigant who has clogged the federal courts with litigation" by "submit[ing] over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts"); In re Daker, No. 1:11-CV-1711-RWS, 2014 WL 2548135, at *2 (N.D. Ga. June 5, 2014) (noting that in all of Daker's suits filed up to that point, he had won a two dollar judgment and "short-lived injunctive relief with respect to 'weekly Ta'lim services'") (vacated in part on other grounds); Daker v. Dozier, 5:17-CV-0025-CAR, 2017 WL 3037420, at 2 (M.D. Ga. July 18, 2017) ("This Court and other courts have noted that Plaintiff is a serial litigant with a significant history of filing frivolous lawsuits."); Daker v. Warren, No. 1:11-CV-1711-RWS, 2014 WL 806858, at *1 (N.D. Ga. Feb. 28, 2014) ("Waseem Daker is an extremely litigious state prisoner[.]"); Daker v. Bryson, 5:15-CV-88-CAR-CHW, 2017 WL 11427081, at *5 (M.D. Ga. Dec. 29, 2017) (noting that Daker's "claims against the . . . defendants are harassing, vexatious, and constitute a bad faith effort to manipulate the judicial system" and discussing Daker's history of

abusive litigation tactics); Daker v. Allen, 6:18-CV-19, 2018 WL 1618285, at *2 (S.D. Ga. Apr. 3, 2018) (discussing Daker's "well-documented litigiousness," "the vexatious nature of his motions," and his "saddling the Court with superfluous pleadings to address"); Daker v. Dozier, 6:18-CV-73, 2019 WL 2497700, at *6 (S.D. Ga. Mar. 7, 2019) (noting that Daker is "a seasoned vexatious litigant").

[Courts] have also found Daker to be materially dishonest. E.g., Daker v. Dozier, 6:17-CV-110, 2017 WL 4448234, at *7 (S.D. Ga. Oct. 5, 2017) (noting that Daker lied about his litigation history); In re Daker, No. 1:11-CV-1711-RWS, 2014 WL 2548135, at *2 (June 5, 2014, N.D. Ga.) (Daker has "repeatedly abused the judicial process by filing IFP affidavits that conceal and/or misstate his true assets and income"); Daker v. Head, 5:14-CV-138-MTT-CHW, 2019 WL 4398508, at *6 (M.D. Ga. Apr. 22, 2019) ("Plaintiff has not only blatantly misled the Court in this case, he has a documented history of doing so in the other courts in which he prosecutes his claims.").

Deal, 2020 U.S. Dist. LEXIS 182390 at *2-9. Further, in Judge Ray's simultaneously entered order denying Daker's motions to recuse in that case, he explained:

In the order reimposing the permanent injunction entered contemporaneously herewith, this Court discussed Daker's vexatious activities at great length. It is true that this Court has formed an opinion about that behavior, but it is an opinion that is rationally based on the reality that Daker has significantly abused the judicial system, and, as clearly demonstrated in the order, that opinion is shared by numerous other judges that have presided over his cases. This Court has called Daker vexatious, litigious, abusive, and a serial filer. This Court has found that Daker has engaged in bad faith and dishonesty. Indeed, Daker's actions are troublesome and annoying . . . . Given the documented, repeated instances of misconduct and abusive litigation tactics engaged in by Daker in numerous courts, an objective, disinterested lay observer would not entertain a significant doubt about the undersigned's impartiality.

This Court stresses that its imposition of filing limitations on Daker is not taken lightly or as a form of retribution. This Court has a duty to police its docket, and when an individual litigant has placed an unreasonable burden on the Court's resources through abusive action, it must take action to end the abuse. This Court's imposition of the filing injunction, while unfortunate, is fully warranted by the facts and law.

Daker v. Deal, No. 1:18-CV-5243-WMR, 2020 WL 5792472, at *2 (N.D. Ga. Aug. 4, 2020),

*aff'd sub nom.* Daker v. Governor of Georgia, 2022 WL 1102015.

In the Southern District of Georgia, the Court has already found Daker's own abuse of the judiciary requires limitations. Daker v. Ward, No. CV 621-003, 2023 WL 34391, at *1 n.1 (S.D. Ga. Jan. 3, 2023) (citing Daker v. Toole, ___ U.S. ___, 138 S. Ct. 234 (2017) (mem.) (explaining Clerk of U.S. Supreme Court no longer accepts noncriminal petitions from Daker unless docketing fee is paid first because Daker "repeatedly abused this Court's process.")). Daker's misbehavior in the Southern District is as bad as anywhere. His complaints, petitions, and motions in this District have been dismissed as malicious, duplicative, abusive, dishonest, shotgun, and failing to comply with court orders. See, e.g., Ward, 2023 WL 34391, at * 24 (reviewing Daker's extensive litigation history and dismissing as malicious, duplicative, precluded, and shotgun); Daker v. Owens, No. 6:14-CV-47, 2022 WL 4856336, at *5 (S.D. Ga. Sept. 30, 2022) (dismissing for failure to follow court order); Daker v. Dozier, No. 6:17-CV-110, 2017 WL 4448234, at *7 (S.D. Ga. Oct. 5, 2017) (dismissing for dishonesty and abuse of judicial process), *adopted by* 2018 WL 582581 (S.D. Ga. Jan. 29, 2018); Daker v. Allen, No. 6:17-CV-79, 2017 WL 4125266, at *2 (S.D. Ga. Sept. 18, 2017) (dismissing for failure to comply with court order), *adopted by* 2017 WL 6034200 (S.D. Ga. Dec. 6, 2017).

A mere peek into the docket of any Daker cases shows a constant flood of motions, sometimes even after dismissal. See, e.g., Owens, 2022 WL 1819104, at *1 (imposing filing restrictions in response to Daker's "boilerplate, duplicative, and tangential" motions); Daker v. Allen, No. 6:17-CV-23, doc. no. 195, 2019 WL 3714416, at *3 (S.D. Ga. July 10, 2019) (denying six motions); id. at doc. no. 245 (denying ten motions). In this case alone, Daker has made nine miscellaneous filings since the Magistrate Judge's recommendation to dismiss this case or delay review until Daker submits a contempt bond.

Daker has also refused to comply in this District with the permanent injunction entered in the Northern District of Georgia. Until the Court ordered him to submit an amended complaint in this case, Daker never complied with that injunction by submitting a copy of Judge Ray's Order or a complete list of his litigation history in any of the seventeen cases he has opened in Georgia—including eight in this District—since August 4, 2020. Filing restrictions are just as appropriate in the Southern District today as they were in the Northern District two years ago. His constant refusal to comply with court orders and his copious, vexatious filings have improperly burdened this District and the entire judicial system.

### III.  IMPOSITION OF PERMANENT INJUNCTION

Based on the above findings, Daker is **PERMANENTLY ENJOINED** from filing any new lawsuit or petition in this District without first posting a $1,500 contempt bond in addition to paying the required filing fee. Daker must refrain from filing frivolous or duplicative pleadings or motions in this District, and his failure to so refrain may result in the imposition of additional sanctions. If any of Daker's filings are deemed frivolous or duplicative, the presiding judge may, after notice to Daker and an opportunity to respond, impose a contempt sanction against Daker to be paid from the contempt bond. In the event of such a sanction, Daker will not be allowed to file any further complaints or petitions unless and until the contempt bond is replenished to the amount of $1,500.

If Daker is unable to afford the $1,500 contempt bond, he may move for modification of the contempt bond requirement. In order to do so, he must file the motion along with any complaint or petition. In that motion, Daker must set forth a comprehensive accounting of his assets and affirm that the accounting is true under penalty of perjury by including the following language above his signature.

I, Waseem Daker hereby declare, swear and affirm that the foregoing information is true and correct. I understand that, pursuant to 18 U.S.C. § 1623, "[w]hoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both." I further understand that by making any false statement in this motion, I will be subject to prosecution under 18 U.S.C. § 1623. I further acknowledge that the United States District Court for the Southern District of Georgia will, if it suspects that I have provided false information in this motion, turn this motion over to the appropriate federal authorities for the purpose of investigating whether I should be prosecuted in federal court for perjury under 18 U.S.C. § 1623. I further acknowledge that if I am convicted in federal court for a violation of § 1623, I face an enhanced sentence because I will have committed my crime while serving a sentence for a violation of law, and the federal sentencing guidelines, as a general matter, call for a longer sentence for those who have committed their crimes while serving a sentence of incarceration, probation or parole.

The Presiding Judge will consider and rule on any motion for modification of the contempt bond requirement before it considers the merits of Daker's claims or any other motions, applications, or petitions. If the motion for modification is denied, the case will be summarily dismissed and any attached motions summarily denied.

If Daker posts a $1,500 contempt bond in connection with a case that he files, the Clerk of Court will hold the funds (or whatever is left of those funds if sanctions have been imposed) to apply to future cases. If Daker does not file any cases in this District for a one-year period, the Clerk will return the contempt bond funds to Daker. However, the requirement that Daker file a $1,500 contempt bond in connection with any case he files in this District will remain in effect until further order of this Court regardless of whether any funds have been returned to him.

In addition, Daker **MUST INCLUDE** with every complaint or petition he files *in this or any other federal court* (1) a copy of this order, and (2) a list of each and every lawsuit, habeas corpus petition, and appeal that he has filed in any federal court along with the final disposition of each. Any complaint or petition that Daker submits in this District without posting the contempt bond (or a compliant modification motion as described above), without a copy of this order, or without a list of his prior actions in federal court will be summarily dismissed and any attached motions summarily denied.

Consistent with the Magistrate Judge's July 19th Show Cause Order and October 6th Report and Recommendation, the Court hereby applies the requirement to post a $1,500 contempt in the above-captioned civil action. Accordingly, within fourteen days of the date of this Order, Daker must deposit a $1,500 contempt bond with the Clerk of Court. Failure to do so will result in dismissal of this case without warning or comment from the Court.

Because the Court is requiring payment of a contempt bond before this case may continue, the Court **DENIES** without prejudice Daker's pending motions. (Doc. nos. 8, 9, 12, 16, 18.) Should Daker pay the contempt bond and be allowed to proceed with this case, he may refile whichever motions he still seeks to pursue. The Court further **ENJOINS** Daker from submitting any further filings in this case other than a motion for modification or a notice of appeal. Any other motion filed by Daker before he pays the contempt bond and is allowed to proceed with this case will be summarily dismissed without warning or comment from the Court.

### IV.    DAKER'S OBJECTIONS ARE UNAVAILING

Daker strenuously objects to the permanent injunction as violative of his First and Fifth Amendment rights in sixty-four-pages of objections, the last thirty-eight pages of which the

Court strikes because they exceed the page limitation of Local Rule 7.1. The Court **DENIES** Daker's contemporaneous request to exceed the page limitation. (Doc. no. 19.)

The thrust of Daker's objections is his request for the Court to focus solely on the cases he recently began filing in this District and ignore entirely his twenty years of relentless, vexatious litigation in federal and state courts throughout Georgia. See Daker v. Comm'r, 820 F.3d at 1281 ("Daker has submitted over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts.") As the Georgia Supreme Court recognized, Daker "is an extraordinarily litigious defendant whose shenanigans can be frustrating for courts to deal with." Allen v. Daker, 858 S.E.2d 731, 747 (Ga. 2021). The Court has not decided this issue in a vacuum, but instead has considered the full breadth and depth of Daker's history in all courts.

Daker objects to the amount and legality of the $1,500 contempt bond. The bond amount is reasonable and legal, and indeed the Eleventh Circuit upheld the exact same contempt bond imposed by Judge Ray. Governor of Georgia, 2022 WL 1102015, at *2 (citing Procup v. Strickland, 792 F.2d 1069, 1072-73 (11th Cir. 1986) (*en banc*)).

Daker also objects to imposing filing restrictions on habeas petitions, noting some courts have expressly exempted habeas petitions from similar restrictions. However, the Eleventh Circuit has approved filing restrictions and other sanctions in the habeas corpus context. In re Williams, No. MC 117-001, 2017 WL 3167378, at *3 (S.D. Ga. July 25, 2017) (citing Shivers v. United States, 427 F. App'x. 697, 697 (11th Cir. 2011)). Indeed, the Northern District injunction also applies the contempt bond to habeas petitions.

## V. CONCLUSION

For the reasons explained above, the Court **OVERRULES** Daker's objections, **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation, and **PERMANENTLY ENJOINS** Daker in the manner described above but declines the recommendation to dismiss and close the case at this juncture. Daker must deposit a $1,500 contempt bond with the Clerk of Court within fourteen days of the date of this Order before this case may proceed, and failure to do so will result in dismissal of this case without warning or comment from the Court.

A copy of this Order **SHALL** be forwarded to each District Judge and Magistrate Judge in this District.

SO ORDERED this 26th day of January, 2023, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA