**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA STATESBORO DIVISION**

| | | |
|---|---|---|
| WASEEM DAKER, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CV 622-036 |
| | * | |
| TIMOTHY WARD, et. al., | * | |
| | * | |
| Respondents. | * | |
| | * | |

**O R D E R**

This case is before the Court on remand from the Eleventh Circuit. (See Doc. 53.) Petitioner Wasseem Daker appealed from the Court's March 11, 2024, Order denying his Motion to Modify the January 26, 2023 Injunction. (Docs. 27, 40.) The Eleventh Circuit found that the Court abused its discretion when it did not rule on the merits of the motion for modification. (Doc. 53, at 12.) The Court instead construed Daker's Motion to Modify as a motion for reconsideration of its order imposing the filing injunction and applied the limited reconsideration rule stated in Federal Rule of Civil Procedure 59. (Id. at 12-13.) The Eleventh Circuit remanded the case for consideration of Daker's Motion to Modify the Injunction on the merits. (Id. at 13.)

## I. DISCUSSION

A district court has broad discretion to modify an existing injunctive order when factual circumstances have changed or new ones have arisen since the order was issued, as long as notice and an opportunity to be heard are provided before the modification is made. Rufo v. Inmates of the Suffolk County Jail, 502 U.S. 367, 380 (1992); Doe v. Bush, 261 F.3d 1037, 1063-64 (11th Cir. 2001). Daker moved the Court to vacate its injunction, contesting the requirements that he: (1) attach a copy of its own order to all future complaints;[1] (2) attach a list of all his cases to all future complaints; (3) be forced to pay a contempt bond on cases filed before the contempt bond was imposed; and (4) pay the $1500.00 contempt bond. (Doc. 27.)

---

[1] Daker alternatively asks the Court to order prison officials to provide him with access to photocopying or "readily available" access to his stored legal materials. (Doc. 27, pp. 7, 15.) The Court has repeatedly denied Daker's request to mandate the prison allow him unfettered access to his boxes of legal materials or photocopies. Daker v. Dozier, 6:22-cv-072, 2023 WL 3195453, at *3 (S.D. Ga. May 2, 2023) (denying same request, noting alternative available remedies, finding such requests do not represent an attempt to comply with the injunction order, but are merely requested as a matter of routine, and that Daker has submitted disciplinary reports which reported incidents of him storing contraband in his legal materials), aff'd, No. 24-13122, 2026 WL 710077 (11th Cir. Mar. 13, 2026), opinion modified and superseded on reh'g, No. 24-13122, 2026 WL 2607811 (11th Cir. Sept. 3, 2026), and reh'g granted and opinion vacated as to dismissal with prejudice, No. 24-13122, 2026 WL 2641290 (11th Cir. Sept. 3, 2026), and vacated and remanded, No. 24-13122, 2026 WL 2607811 (11th Cir. Sept. 3, 2026). As the Northern District observed, Daker included the entire 258-word affirmation required to modify the Injunction's contempt bond requirement in his Motion to Modify. See In Re Daker, 1:18-cv-05243, 2024 WL 689769, at *5 (N.D. Ga Feb. 20, 2024). Therefore, any contention that he does not have or cannot obtain a copy of the Injunction is demonstrably false. His request to modify the injunction to require prison officials to provide him access to photocopying and/or his stored legal materials is **DENIED**.

**A. Attaching a Copy of the Injunction and Litigation History**

The purpose of requiring Daker to provide a copy of the injunction is to ensure courts are informed of its existence. Moreover, requiring Daker to provide a list of his litigation history when he files a case is essential to determining whether he is attempting to file duplicative or abusive claims, as he is prone to do, to alerting other courts of his malicious tendencies, or in determining whether he may qualify for the imminent danger exception to the three strikes rule of the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

Yet Daker argues that the district court already has, and is fully aware of, its own Order, and does not need additional copies filed with every future complaint. (Doc. 17, at 8.) He also argues any Court can "easily obtain this Court's Order online from PACER," and that the requirement "imposes some harm, disadvantage, or restriction" upon him which is unnecessarily broad. (Id.) Daker argues that he has only one copy of the Court's injunction and cannot copy it and attach it to every future lawsuit because of his limited access to photocopying. (Id.)

Daker's arguments are unconvincing. First, the Eleventh Circuit has affirmed the Court's injunction order and others exactly like it. Daker v. Dozier, No. 24-13122, 2026 WL 2607811, at *2 (11th Cir. Sept. 3, 2026); see also e.g., Daker v. Governor of Ga., No. 20-13602, 2022 WL 1102015, at *1 (11th Cir. Apr. 13,

2022). Daker has provided no argument that the Eleventh Circuit's affirmation was improper or is even redressable by the Court.

Second, Daker's personal opinion that the Court is *capable* of obtaining a copy of the injunction misses the mark. As noted by the Northern District of Georgia:

> Daker's contention highlights a reason for the Injunction's requirements in the first instance—reducing the burden on the courts of Daker's abusive filings, which, as demonstrated by these three cases, have not stopped. The burden on Daker to comply with the Injunction is far outweighed by the burden imposed on courts all over the country by his repetitive and abusive filings. The Injunction serves as a sanction for Daker's past behavior and to deter future misconduct.

In re Daker, 2024 WL 689769, at *4.

As to his litigation history, the same holds true. Three years ago, the Middle District of Georgia noted that "Daker has filed well over three hundred actions and appeals in the United States District Courts and Courts of Appeals." Daker v. Ward, 5:22-cv-340, 2023 WL 2759037, at *3 (M.D. Ga. Apr. 3, 2023), aff'd sub nom. Daker v. Comm'r, Georgia Dep't of Corr., No. 24-13074, 2026 WL 72764 (11th Cir. Jan. 9, 2026). But he has not stopped there. A search on the Northern District of Georgia's docket results in 15 Daker cases filed since 2023, though some of them had been removed from the Superior Court of Fulton County. See, e.g., Daker v. Carter, 1:26-cv-1073 (N.D. Ga February 23, 2026) (stayed pending Daker's payment of contempt sanction); Daker v. Oliver et al., 1:25-cv-3191 (N.D. Ga June 6, 2025) (naming more than 80

defendants; dismissed for failure to comply with court order); Daker v. Ward et al., 1:25-cv-3257(N.D. Ga June 10, 2025) (remanded); Daker v. Oliver, 1:24-cv-2687 (N.D. Ga June 20, 2024) (dismissed without prejudice due to Daker's "circular and abusive motions practice"; Daker sanctioned $2,250.00). He has also filed at least one case in the Middle District of Georgia since 2023. Daker v. Carter, 7:26-cv-61 (March 13, 2026).

Daker has also filed cases in "federal courts in California, Illinois, Iowa, New York, Washington, Washington D.C., and the Second, Seventh, Eighth, and Ninth Circuits." Daker v. Ward, 2023 WL 2759037, at *3 (citing PACER, https://pcl.uscourts.gov/pcl/index.jsf (searched "Daker, Waseem") (last accessed Mar. 28, 2023)). A search for Daker's name in the United States' Supreme Court's public docket shows 79 entries, with multiple filings per entry. Supreme Court of the United States, Docket Search, https://www.supremecourt.gov/docket/docket.aspx (searched "Waseem Daker") (last accessed Oct. 8, 2026). The Injunction Order makes it Daker's responsibility—not that of the Court and its staff—to keep track of his vast litigation history. And that is the whole point.

As well, Daker appears to have filed documents required by the injunction in his most recent case in the Middle District. Daker v. Carter, 7:26cv61, Docs. 1-2; 1-3 (M.D. Ga. March 13,

2026). Therefore, his arguments the injunction should be modified since he is unable to comply for any reason are clearly meritless.

**B. "Retroactive" Imposition of the Contempt Bond**

Daker next argues that the Court abused its discretion by "retroactively" imposing a contempt-bond requirement on him "as to this case which was filed before the contempt-bond requirement was imposed." (Doc. 27, at 16.) Daker notes the dissimilarity of the timing of the imposition of the contempt bond in this case as compared to one from the Northern District. (Id. at 17.) He argues the Court's "retroactive" order violates the Due Process Clause and Ex Post Facto Clause of the United States Constitution. (Id. at 17-19.) He also claims the order "violates the judicial doctrine against retrospective la[w]s." (Id. at 20.) Finally, he claims the order imposes an unreasonable financial burden on him. (Id. at 17; Doc. 21-22.)

Daker contends that the Northern District of Georgia only imposed their injunction against him upon the conclusion of a case and not its filing, and therefore this case is an inappropriate case to "even consider such an injunction." (Doc. 27, at 17.) This argument fails to make a convincing point. Daker filed this case without complying with the Northern District's filing injunction, and therefore, the Court was already on notice that he had no intention of observing court mandated rules when he did not comply with the Northern District's injunction's requirements.

(See generally Doc. 2 (reviewing Daker's filing history and ordering Daker to show cause why the restrictions imposed in the Northern District should not be imposed and then enforced in this case).) The Court is under no obligation to institute filing restrictions on the same timeline as the Northern District.

As to due process and ex post facto arguments, Daker relies on a line of cases which prevent state courts from penalizing criminal defendants through unforeseeable and retroactive interpretations of state law. (Doc. 27, at 17-19 (relying on Carmell v. Texas, 529 U.S. 513, 522 (2000); Bouie v. City of Columbia, 378 U.S. 347 (1964).) Regarding retrospective laws, Daker cites Landgraf v. USI Film Products, 511 U.S. 244, 265-67 (1994) where the United States Supreme Court discussed retroactive legislation. (Id. at 20-21.) Neither of these cases are relevant to the contempt bond requirement imposed upon Daker, and the Court is unmoved. Unlike retroactive legislation and retroactive interpretations of state law, Daker was forewarned— for years and by multiple judges— that he was engaging in sanctionable behavior.

In this case specifically, Daker was given very early notice that he would be required to pay the contempt bond (see Doc. 2, at 3), and not only did he fail to timely pay the bond, but he also failed to comply with the Court's Order to amend his Complaint, choosing instead to file objections to the Order. (See Doc. 6, at 7 ("Daker did not file an amended complaint as ordered by this

Court.") Reviewing the procedural timeline of this case shows that the imposition of the contempt bond was not "retroactive" at all, and he has cited no relevant caselaw indicating the imposition of the contempt bond was improper.

Daker lastly argues that requiring him to post a $1500 contempt bond would require him to surrender more than his current assets. (Doc. 27, at 22.) Daker provides what he refers to as a "comprehensive" accounting of his assets, as well as an oath that the accounting is true under penalty of perjury. (Id.; see also Doc. 24, at 7.) The oath is dated February 13, 2023. Notably, Daker paid the contempt bond on October 10, 2024. (Doc. 43.)

Daker's accounting provides a rudimentary handwritten list of amounts he states are contained in two checking accounts, two savings accounts, and his prison trust account. (Doc. 27, at 21-22.) It then says that his "prison trust account is frozen for about $28,000.00." (Id. at 22.) Daker's accounting falls very far short of comprehensive, and his payment of the contempt bond in multiple courts the year after he claimed to have been in substantial debt generates doubt, to say the least, as to his indigence.

Daker often disregards the duty of candor he owes the courts regarding his indigence. He has intentionally misled federal courts on multiple occasions in this respect. Daker v. Head, No. 19-13101, 2022 WL 2903410, at *3 (11th Cir. July 22, 2022) (noting

that "[s]ince 2016, courts, including this one, have found Daker's allegations of poverty to be either disingenuous or outright false"); Daker v. Owens, 5:20-cv-354, 2021 WL 1321335, at *4 (M.D. Ga. Jan. 5, 2021) (citing ten cases from the Eleventh Circuit and the three Georgia federal district courts describing Daker's false representations about his assets); Daker v. Dozier, 6:17-cv-110, 2018 WL 582581, at *4 (S.D. Ga. Jan. 29, 2018) (adopting recommendation to dismiss for abuse of the judicial process and finding Daker "exhibited bad faith and an overall lack of candor before the Court").

On this occasion, Daker also fails to account for the recent sale of his home and inheritance from his parents. See In Re Daker, 2024 WL 689769, at *6. Daker's hand-written accounting is simply not sufficient to constitute a comprehensive accounting as required by the Court's Order. Accordingly, his bare attestation that he cannot afford the bond does not warrant modification of the injunction's requirement that he pay the contempt bond.

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Daker's Motion to Modify the Court's January 26, 2023 Injunction is **DENIED.**[2] This case stands **CLOSED.**

**ORDER ENTERED** at Augusta, Georgia, this 26th day of October, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

[2] The Court also reviewed Daker's Rule 60(b) Motion for Relief From Judgment, which was filed in In re Daker, 6:25-mc-0001, Doc. 56 (July 1, 2026). This Motion was premised on the argument that, since the Court's consideration of the present Motion to Modify was improperly examined on a motion for reconsideration standard, resulting in reversable error, the monetary sanctions charged in part as a sanction for filing frivolous motions for reconsideration was improper. Daker asks the Court to indicate a willingness to grant relief, and then "defer ruling pending a remand order from the Eleventh Circuit." Id. at 10. The Court finds this Motion has no arguable merit and was properly dismissed without judicial action as yet another frivolous motion for reconsideration. See id., Docs. 1; 58.